Next case is Benito Chavez v. Secretary of Veterans Affairs, 2022-1942. Mr. Raven. Your Honor. May it please the Court. My name is Sean Raven. I represent Mr. Benito Chavez in his appeal from the Veterans Court. And the issue presented by this appeal is whether reversal is required when the Board fails to support its decision that a rating reduction was proper and made in accordance with law. As the Veterans Court held in its decision, in its appendix, appendix 6 and 7, and as acknowledged, the Secretary bears the burden of establishing by the prominence of the evidence that rating reduction is warranted. Counsel, I'm looking at appendix 8. It's appendix 6, Your Honor, on the bottom of appendix 6. Well, I'm asking if the Court agrees with Mr. Chavez that it's unclear whether the Board relied on evidence developed, etc., and the Court finds the Board's reasons are inadequate and that remand is required. So why is the case not funded? Your Honor, I think that's a jurisdictional question I understand correctly, correct? This case fits under the Williams criteria, the Williams exception, for jurisdiction because, first off, if the issue is whether or not inadequate reasons or basis require reversal rather than remand, if this Court were to decide and reverse the Veterans Court that reversal is required, then the remand is unnecessary, and actually it has a change in law. And that, actually, the issue is on appendix page 6, where the Veterans Court, at the bottom of that page, acknowledges that the burden of proof is on the Secretary to prove that a rating reduction was proper. And on the last sentence, it says, this reflects the general rule that reinstatement of a pre-reduction rating is warranted when the reduction was made but the law not observed. Now, the next sentence is key, and that says, that said, reversal and reinstatement are not appropriate when the Board erred only in failing to provide adequate reasons or basis for its decision on the propriety of reduction. And the Court cites DeFaust, Payton, and Payton, and a host of other cases, for the proposition that inadequate reasons or basis in a rating reduction case require remand rather than reversal. But we know that's not true because the Veterans Court later issued its decision in Stern. That sounds like the merits. Can we focus on whether we have jurisdiction first? It seems like, if I'm following you correctly, every veteran who gets a remand from the Veterans Court could give us appellate jurisdiction if they simply state that the question they want reviewed is whether remand was permissible as opposed to reversal being required. That's the question you're asking us to review in this case, and it seems to me every veteran who gets a remand order could ask the same question. Is that right? Not exactly, because this only applies to rating reduction cases. That's the exception. And I'm trying to make it specific to rating reduction cases, not in every case where remand is warranted. Well, then, at minimum, you're conceding that every rate reduction case where there is a remand order, we will have to treat that as a final order if the veteran wants us to review simply the question of whether a reversal was mandated. I think the jurisdictional question is right. But I also think that specifically as it applies to this case, if the court doesn't have jurisdiction, it would never reach the issue of whether or not remand is the appropriate remedy. Your position, as I understand it, is that if there has been a procedural flaw before the board and the remedy in the court appeals for veterans' claims is that it must reverse amendment, right? Not that it may remand, at least in this category of cases. That's correct. So you're saying that if you're right on that, as I understand your position, then for us not to address that question would mean that your legal position would never get reviewed. That's correct. Is that essentially your position on this question? That's correct, yes. Are there ratings decisions that the veterans' court reaches where it has discretion whether to reverse or to remand? Or do all ratings decisions appeals at the veterans' court fall into a category of either they must reverse or I guess affirm? No. The veterans' court's jurisdiction is to set aside or to reverse. And when it's evaluating, for example, finding a fact on a disability, if it finds that there's clear error, it may reverse. It's discretionary. It may reverse, but it also may remand if it finds that the record's incomplete. And in that situation, could the veteran take appeal to us if they may reverse or they may remand and they choose to remand? Is that a final order for us? Only with the exception if the denial of reversal would have had an effect upon the proceedings below. So in general, and this is the exception, this is why the general rule is that remands should not be, the court doesn't have jurisdiction over cases that are remanded. They're non-final decisions. But in this matter, for this specific case, for a rating reduction case of this category, if the board fails to support its conclusion that a rating reduction decision was made in accordance with law, reversal is the only remedy. The rating reduction is void ab initio. It's akin to a criminal trial where a defendant is acquitted, and on appeal the prosecution argues that their own mistake caused a problem with the procedures, and a lower court, no, a higher tribunal reverses and orders a new trial. In this case, and that's the analogy I think about this, the secretary has the burden of proof and persuasion. I realize I'm getting into merits rather than jurisdiction. Well, suppose, to follow up on Judge Starr's question, suppose that somebody in a case other than a reduction case came in and said, you know, I know that the Veterans Court remands in many cases. It's a very common procedure in a variety of settings. However, I think that that process is just dead wrong, and I believe as a matter of fact, you know, it's a silly argument. We can all agree to that. But if they made that argument, came in here and said, I have a legal right, any time the board makes an error that would otherwise require a remand to a disposition in my favor from the Court of Appeals for Veterans Claims, and made that argument, we would have jurisdiction, as I understand your argument, in order to address that argument, even though we would probably knock it down. I would concede you wouldn't have jurisdiction if it's optional to remand or reverse. What I'm saying is in the category of rating reduction cases, which is very specific, because rating reduction cases are the only types of cases where the secretary has the burden of proof, not the appellate, not the claimant, not the veteran. In rating reduction cases, the secretary has the burden of proof and persuasion that a rating reduction is proper and in accordance with law. I understand that. But if someone came up right after you and said, I insist that the law requires an actual rendering in my client's favor, we would have jurisdiction, as I understand what you're saying, to address that question. No, I don't think that you would have jurisdiction. There's no Williams exception. And what I'm trying to point out is that there is a Williams exception for these cases. But I agree with you. And generally, in cases where the veterans court can either remand or reverse, and there's a remand, then it's a non-final decision. And this court lacks jurisdiction. But this is not the case that's before you. The case before you is very distinct. I am concerned, too, about the merits, if we reach the merits. I don't see any indication that the veterans court was passing on the sufficiency of the evidentiary showing that the secretary made. They seem very clearly just to say, we're confused. We can't do our judicial review. Let's get a better explanation. What's wrong with that reading of their opinion? The secretary has the burden of proof of persuasion to prove that a rating reduction was made in accordance with law. When the board fails to support its conclusion that a rating reduction was made in accordance with law, that's it. The rating reduction is void ab initio. It has to be reinstated. That's all true. But where do you see the veterans court saying that the secretary failed to do that? In the court's decision, the court said, we cannot decide because it's apparent that the board considered evidence which was developed after the rating reduction, which is a violation of 38 CFR 3.340E and 3.343. Are you saying there's no proper purpose for considering that later arising evidence? I thought the point here was there are some proper uses and some improper uses. And the veterans court couldn't tell which side of that line. No, that would be a misinterpretation of 3.304E. 3.304E specifically says that rating reductions are based on the record. I could read it to you. You don't need to use your time to do that. OK. I see my time has expired. Well, if your time is on, you can continue or save it, as we wish. I'll save it. Mr. Whistler. Thank you, Your Honors. May it please the court. The court lacks jurisdiction over this appeal because this is a challenge to a remand decision, and the Williams exception does not apply here. This court has had many, many opportunities to evaluate cases like this, where the decision being challenged is the remand itself, I think. Why isn't this a lot like Adams? Well, Your Honor, I think it is different than Adams and Stevens, which Your Honor participated in those panels. And I would direct the court to the language in Stevens in particular at page 817, where the court summarized that in both Adams and Stevens, there was an allegation, at least made in the appeal, that the remand was provided for a prohibited purpose. Right. And that's exactly the position Mr. Reilly is taking here. He's saying that there is not a permitted, that CBC is not permitted to remand under the circumstances of this case. Now, he may be wrong, but why isn't that an argument he's entitled to make to this court, and which, if he's not entitled to make to this court, he can't ever arrange? So, Your Honor, we're relying on the language of Stevens in particular, which explained what the kind of prohibited purpose might be, which is giving the board a second opportunity to potentially rehabilitate its decision in a way that the Court of Appeals for Veterans Claim found was flawed. And that is not the situation that we have here. And we're also relying on some of the further summaries provided in Ebel and Deloach later on in this court's jurisprudence on this area, and separating that line between, has the Veterans Court made a decision about its authority to remand, that it's required or prohibited, or that it's directing the board to do something impermissible? Let's assume that Mr. Redmond's legal argument is correct, that the CBC may not remand under circumstances in which they're not satisfied that the process before the board was proper, but they are not sure whether it was improper. That's right, Your Honor. I understand, Your Honor. Question. If we dismiss, when can Mr. Redmond ever get review of that legal issue, or is it just not reviewable? And, Your Honor, I think the issue I take is that he is misreading what the Veterans Court said. I think under Your Honor's hypothetical, if the Veterans Court had said the evidence was insufficient, and so we're going to remand to evaluate further. Let's assume that he's correctly reading the CABC's opinion to say exactly what, the way I characterize it, to say that they're sending it back because it's unclear what the board was relying on. And he's coming in here and saying that's contrary to law. You can't do that, CABC. When can he get review, in your view, of that legal question? I think if the court interprets his position here to be how Your Honor described it, the court would have jurisdiction over that question. I don't understand him to be saying that here before this court today. You don't understand him to be saying that the CABC heard by sending this case back to the board for clarification, and that that's not permitted? That's not my understanding of his argument. My understanding of his argument, Your Honor, is that the Veterans Court held the board erred by having an inadequate basis for its decision. That's the way he explained it in his briefing. And I think, as Mr. Ravin explained at the podium here, the problem as he sees that is if there's inadequate evidence, then the Secretary has failed to meet their burden, and then there is this principle that the Veterans Court has established that potentially the underlying decision is void, have an issue. Well, the position he takes on page 14 of his brief, as I read it, is that the Veterans Court erred because reversal is warranted when VA does not observe regulatory procedures for rating reductions. He is saying that in this case there was a procedural flaw in what the board did, and therefore, his argument is, the CABC cannot remand. And you're saying under facts like that, we wouldn't have jurisdiction? So, Your Honor, the way I understand his argument, including on page 14, is that the error that the board made was that it failed to identify sufficient evidence to support the rating reduction. It failed to explain what was the evidence that supported the rating reduction, and that is not what the Court of Appeals for Veterans Claim held. The Court of Appeals for Veterans Claims said there was ample evidence that might have supported this. In some cases, the problem may have been there was too much evidence cited in the record. The problem for the Veterans Court was that it could not permissibly review the argument he was making on that point because the decision itself was not exactly clear about which of the evidence the board was relying on or which it was just discussing. If I understand what you said a moment ago, if we interpret his argument as being if there's a procedural flaw in what happened before the board, the CABC cannot remand. If that's his argument, in whole or in part, that we can hear it. I would agree with that, Your Honor. If that is his argument, then I would agree that this court has jurisdiction to consider it. I just do not agree that that is what Mr. Chavez is presenting to this court. I appreciate that. That clarification is helpful for me, too. What do you make of, at page 8, the Veterans Court says remand is required. Are they saying we, under the circumstances we find here, we're required. We have no discretion but to remand. I do not agree that that is what the Veterans Court is saying there. I think both this court and the Supreme Court have said multiple times we don't necessarily parse judicial decisions the same way we do statutes, word by word, line by line. We have to read it holistically. As I read pages Appendix 7 and Appendix 8 together, what the Veterans Court is saying is that there is a multitude of evidence that the board reviewed and considered. The board cited all of it in its evaluation as to whether Mr. Chavez's condition improved. Mr. Chavez has made the argument that it was improper to consider evidence predating the reduction proposal in 2008. The way the board discussed the evidence, it's unclear whether it was, in fact, relying on evidence post-dating that or simply discussing it and acknowledging its existence. Without that parsing of the evidence by the board, the Veterans Court simply did not have a decision in a record that would permit it to evaluate the legal arguments he was presenting. In that circumstance, the appropriate remedy was to remand. Did they have the discretion to reverse under those circumstances? Your Honor, I agree with what Mr. Robbins said. The Veterans Court recently explained in Stern that there are a multitude of situations where remand might be required or reversal might be required. What the Stern decision said, though, is that it tends to be very fact-specific. You have to consider the particulars of the claim, the particulars of the board decision, in order to decide whether this threshold showing that the Secretary does have the burden to make has been met or whether it is defective. Now, it's possible, very likely, that once the board clarifies the scope of the evidence it's relying on, the Veterans Court will address that issue with respect to Mr. Chavez. And in light of the Stern decision, it just hasn't reached that point yet. And so to that point, whether the court exercises jurisdiction or not, our position is that remand is perfectly appropriate in this case because, as the court itself expressly states at the bottom of Appendix 8, the court is declining to address any of the legal arguments here that Mr. Chavez presented to it. What the court is saying is that there is evidence in the record that spans this dividing line Mr. Chavez contends is relevant. It's unclear how the board was treating the evidence on either side of that line. And so in order to properly address his argument, the court didn't even necessarily accept his argument that it is, per se, impermissible to consider post-proposal reduction evidence, in part because Mr. Chavez himself presented such evidence to the board and asked that it be considered. So without knowing how the board was treating that evidence, was it considering the post-reduction evidence as relevant, or was it simply acknowledging and rebutting his submission, explaining that, yes, you have presented evidence that post-stated the record, but we don't believe it changes our analysis because it also shows evidence of improvement. It's just not clear from the board's decision how it was treating that information. Counsel, which of the three Williams exceptions are not met here? Your Honor, our argument is it's the first factor, that the Veterans Court has not made a final decision on any legal issue that provides this court with jurisdiction. We acknowledge in this long line of precedent that this court has stated, generally speaking, when a remand order itself is challenged, if there is a legal decision within that remand order that this court has jurisdiction to consider, then the second and third Williams factors are ordinarily present, and we have not addressed those in our briefing. We focused exclusively on the first factor. So, Your Honors, unless there are any other questions, we will ask the court either reverse or remand. I'm sorry, dismiss or reverse. Thank you. Mr. Rabin has some proposals on it. Thank you. I apologize to the court, but I had miscited the regulation. It's 38 CFR 3.105 I-2, which talks about the record, the rating reduction must be based on the evidence of record before the rating reduction decision or after any new evidence is submitted after a rating reduction hearing. With regards to what counsel for the Secretary has just said, the Veterans Court did recently issue its decision in Stern, and in Stern it held specifically that they are concluding as a matter of law that reversal was required when the board provided no reasons or bases. And it's on Stern, page 59, 34 of that app at 59, and I'm reading from page 287 in the joint appendix.  Although the court's reversal case law has generally been limited to the circumstances discussed above, the court now concludes that the board's failure entirely to address as required by Brown, whether an improvement in the disability reflects an improvement in the ability to function under the conditions of life and work, also requires a reversal of a rating reduction as a conclusion of law. If this court dismisses for lack of jurisdiction, this issue will never be addressed by the Federal Circuit. On remand back to the board, the board will simply delete from its decision any references to post-decision evidence and be issuing a new decision, which will then be subject to review by the court. But then that issue will now, it will disappear. So in his argument, he said he did not understand your argument to be what I characterized as at least part of your argument. Do you recall me interchanging? Was I mischaracterizing your argument at least in part? No, you were not mischaracterizing my argument. You were spot on. So if this court dismisses for lack of jurisdiction, the issue will never reach this level. It will never reach the appellate court because this court will never have jurisdiction over the question whether or not reversal is appropriate. We're not interested in issues and questions. We're interested in cases, petitioners, appellants who have a case and want to win or lose. We're not interested in issues per se. Okay. On remand back to the board, the board will simply rewrite its decision, take out the offending sections. But that's not what the law is about. They have one chance under the burden of proof to get it right. When they get it wrong, as a consequence, the rating reduction is voided. And the pre-reduction rating has to be reinstated. If they wish to reduce the rating, they have to start over and follow the regulations. They can't get another chance at that every time they make a mistake. And when you say get it wrong, you mean not do everything according to the right procedures that lead them to conclude that the rating reduction is justified. Correct. When rating reduction is not made in accordance with law, they have to reinstate the rating. They can't remand it for a new decision. When the veteran's rating is reduced, they get a reduction in benefits. That means that they lose monthly benefits in the monthly amount that they get. When a rating reduction is found to be void, that rating reduction is voided and their pre-reduction rating is restored. And they get paid all the money and all the benefits that they were supposed to get from the invalid rating reduction. I don't have anything further, but I would just ask, Your Honor, to just reverse the veterans' court. Thank you very much. Thank you, Mr. Raven. The case is submitted.